IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMOYA PAYNE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 18-76 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Tamoya Payne ("Payne") seeks judicial review of the Social Security Administration's denial of her claim for supplemental security income ("SSI"). She filed this application on August 7, 2014 following two prior denials. She alleges disability beginning on March 15, 2013. (R. 20) Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 10 and 12. For the following reasons, the case is remanded.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g)6 and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. *See* 5 U.S.C. §

706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert

2

opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. The ALJ's Decision

As stated above, the ALJ denied Payne's claim for benefits. More specifically, at step one of the five step analysis, the ALJ found that Payne had not engaged in substantial gainful activity since the application date. (R. 22) At step two, the ALJ concluded that Payne suffers from the following severe impairments: chronic pain syndrome, obesity, osteoarthritis, fibromyalgia, history of left ankle fracture, degenerative disc disease, and major depressive disorder with psychotic features. (R. 22-23) At step three, the ALJ concluded that Payne does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 23-24) Between steps three and four, the ALJ found that Payne has the residual functional capacity ("RFC") to perform light work with some restrictions. (R. 25-30) At step four, the ALJ found that Payne is unable to perform her past relevant work as a server and unarmed security guard. (R. 30) Ultimately, at the fifth step of the analysis, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy" that Payne can perform. (R. 30)

## III. Discussion

Although Payne alleged both disabling physical and mental impairments, her issue on appeal is limited to the ALJ's treatment of her fibromyalgia. Fibromyalgia "is a

complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p. There are "unique difficulties associated with diagnosing fibromyalgia, as there are no objective tests which conclusively confirm the disease." *Merritt v. Berryhill*, 2018 WL 1162848, at * 10 (E.D. Pa. Mar. 5, 2018) (*citing, Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003)). "Due to the subjective nature of the diagnosis, the credibility of a claimant's testimony regarding her symptoms is especially significant in the evaluation of the evidence." *Gregory v. Berryhill*, Civ. No. 17-991, 2019 WL 643736, at * 8 (Feb. 15, 2019) (*citing, Singleton v. Astrue*, 542 F. Supp.2d 367, 378 (D. Del. 2008) (internal quotation marks and citations omitted). The:

> cause is unknown, there is no cure, and it is poorly-understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms. The American College of Rheumatology issued a set of agreed-upon diagnostic criteria in 1990, but to date there are no laboratory tests to confirm the diagnosis." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). In fact, fibromyalgia patients often "manifest normal muscle strength and neurological reactions and have full range of motion." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 244 (6th Cir. 2007) (*citing, Preston v. Secretary of Health and Human Services*, 854 F.2d 815, 820 (6th Cir. 1988)). In order to diagnose fibromyalgia, a series of focal points must be tested for tenderness and other conditions must be ruled out through objective medical and clinical trials. *Id.* at 244. Symptoms associated with fibromyalgia include "pain all over," fatigue, disturbed sleep, stiffness, and tenderness occurring at eleven of eighteen focal points. *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996)

*Lintz v. Astrue*, Civ. No. 8-424, 2009 WL 1310646, at * 7 (W.D. Pa. May 11, 2009).

After careful consideration and review of the record, I agree with Payne that the ALJ's decision is deficient with respect to his discussion of her fibromyalgia. He does detail her physical impairments and treatments. (R. 26-27) He then concludes that "[t]he claimant's limited and conservative treatment with physical therapy and non-narcotic

4

medications, along with the mild degenerative findings on x-rays and her lack of need for back surgery, indicates that the claimant is less limited than alleged." (R. 26)[1] Yet case law indicates that conservative treatment is appropriate for fibromyalgia. *See ECF Docket No.* 11, p. 15, *citing, Doychak v. Colvin,* Civ. No. 12-1645, 2013 WL 4766516, at * 9 (W.D. Pa. Sept. 4, 2013). Indeed, massage, exercise, anti-inflammatories, trigger-point injections and other approaches may be appropriate treatments for fibromyalgia and that surgery may not be appropriate or required. *See Doychak*, 2013 WL 4766516; *Smith v. Comm'r. of Soc. Sec.*, Civ. No. 9-182, 2009 WL 2762687, at * 4 (W.D. Pa. Aug. 31, 2009); and Lintz *v. Astrue*, Civ. No. 8-424, 2009 WL 1310646 (W.D. Pa. May 11, 2009). Further, while the case law makes clear that a claimant's subjective complaints of pain are critical to an evaluation of the evidence, here the record is devoid of any meaningful analysis of Payne's subjective complaints of physical pain. The ALJ notes "[a]dditionally, despite reporting debilitating pain and physical symptoms, her treating provider reported that she was asymptomatic without complaint, inconsistent with her alleged constant symptoms (Exhibit D7F/9)." (R. 28) The ALJ cited to paperwork from a pre-employment examination physical. Payne was not being assessed for fibromyalgia. Rather, she was seeking to return to work. In any event, this one-sentence does not constitute a meaningful analysis.

As such, this case must be remanded for further consideration. I do not mean to suggest that Payne is entitled to benefits. It may be, as the Government suggests, that her fibromyalgia is not so limiting as to preclude substantial gainful employment.

---

[1] It is unclear whether the ALJ's finding in this regard applies to all of Payne's allegations of physical impairments (i.e., chronic pain syndrome, osteoarthritis, fibromyalgia, history of left ankle fracture, and degenerative disc disease) or one in particular.

Nevertheless, the record before me precludes a meaningful review of the same.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMOYA PAYNE, )
    Plaintiff, )
)
-vs- ) Civil Action No. 18-76
)
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

# ORDER OF COURT

Therefore, this 7th day of March, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is hereby ORDERED that the ALJ's decision is VACATED and this case is REMANDED for further consideration consistent with the accompanying Opinion. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 10) is GRANTED to the extent that Plaintiff seeks remand for further consideration and the Defendant's Motion for Summary Judgment (Docket No. 12) is DENIED.

                                        BY THE COURT:

                                        /s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge